_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:25-cv-02361-FWS-JDE            Date: October 28, 2025
Title: Jamal El Abed v. Kristi Noem *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION [5]**

      Petitioner Jamal El Abed brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against Respondent Kristi Noem, the Secretary of the Department of Homeland Security ("DHS"), Respondent Todd Lyons, the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), Respondent Pam Bondi, the Attorney General of the United States, Respondent Ernesto Santacruz Jr., ICE's Enforcement and Removal Operations ("ERO") Los Angeles Acting Field Office Director, and Respondent Fereti Semaia (collectively, "Respondents").  (Dkt. 1 ("Petition" or "Pet.").)  Before the court is Petitioner's Motion for Preliminary Injunction seeking the release of Petitioner from immigration detention.  (Dkt. 5 ("Motion" or "Mot.").)  Respondents oppose the Motion.  (Dkt. 7 ("Opp.").)  Petitioner filed a reply in support of the Motion.  (Dkt. 8.)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Accordingly, the hearing set for October 30, 2025, is **VACATED** and off calendar.  Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **ISSUES** a preliminary injunction.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:25-cv-02361-FWS-JDE                               Date: October 28, 2025
Title: Jamal El Abed v. Kristi Noem *et al.*

## I. Background

Petitioner was born in Kuwait and is a citizen of Jordan. (Pet. ¶ 10.) In 1985, he was admitted to the United States as a student and has remained in the United States for 40 years. (*Id.* ¶ 17.) Petitioner has a wife and three children who are United States citizens. (*Id.* ¶ 18.)

In February 1999, Petitioner was placed in removal proceedings and later ordered removed by an Immigration Judge on January 6, 2005. (*Id.* ¶ 19.) More specifically, he was ordered removed to Kuwait with an alternate order of removal to Jordan. (*Id.*) The order of removal was affirmed by the Board of Immigration Appeals on May 4, 2006. (*Id.* ¶ 20.)

On January 15, 2015, Petitioner was detained by immigration authorities, (*id.* ¶ 21), though Petitioner was released on December 21, 2015, because the government could not remove him from the United States. (*Id.*) Since 2015, he has been regularly reporting to ICE pursuant to his Order of Supervision. (*Id.* ¶ 22). Under his Order of Supervision, Petitioner is required to, among other things, "appear in person at the time and placed specified, upon each and every request of ICE, for identification and for deportation." (Dkt. 5-1 (Declaration of Stacy Tolchin, "Tolchin Decl.") ¶ 5, Ex. C (Order of Supervision).) Petitioner has not been arrested for any criminal matters nor has he violated his conditions of release. (Pet. ¶ 23.)

On August 11, 2025, Petitioner was detained by immigration authorities and was not provided an interview or informed of the reasons for the revocation of his release. (*Id.* ¶¶ 24-25.) Petitioner is seeking his release from the custody of the DHS. (*Id.* ¶ 1.)

## II. Legal Standard

The analysis for granting a preliminary injunction is "substantially identical" to that for granting a TRO. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-02361-FWS-JDE | Date: October 28, 2025 |
| Title: Jamal El Abed v. Kristi Noem *et al.* | |

A plaintiff seeking a preliminary injunction must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20).  Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified).  Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).  "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023).  "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

The parties disagree as to whether the Motion is seeking a prohibitory injunction or a mandatory injunction.  (*See generally* Mot.; Opp. at 4 ("Because Petitioner seeks a mandatory injunction here, the already high standard for granting relief is 'doubly demanding.'").)  "A mandatory injunction goes well beyond simply maintaining the status quo *pendente lite* and is particularly disfavored." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (citation modified) (quoting *Anderson v. United States,* 612 F.2d 1112, 1114 (9th Cir. 1979)).  When a plaintiff "seeks a mandatory injunction, she must establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).  Recently, the Ninth Circuit stated that courts "determine the status quo based on the 'legally relevant relationship between the parties before the controversy arose,' that is, before the action challenged in the complaint occurred." *Youth 71Five Ministries v. Williams*, 153 F.4th 704, 717 (9th Cir. 2025) (quoting *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1061 (9th Cir. 2014)).  Here, the challenged action is the immigration

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-02361-FWS-JDE | Date: October 28, 2025 |
| Title: Jamal El Abed v. Kristi Noem *et al.* | |

authorities' detention of Petitioner.  (*See* Mot. at 7; Dkt. 5-1, Ex. B (Declaration of Jamal Abed, "Abed Decl.") ¶ 9.)  Before Petitioner's detention, he was released under the Order of Supervision and regularly reporting to ICE.  (Abed Decl. ¶ 7.)  Therefore, the court finds the status quo was when Petitioner was released under the Order of Supervision and regularly reporting to ICE.  *See Youth 71Five Ministries*, 153 F.4th at 717.  Accordingly, the court concludes that Petitioner is seeking a prohibitory injunction because he is requesting his release from immigration detention.  *See id.*

### III. Analysis

Petitioner moves for a preliminary injunction requesting that "he immediately be released from custody," arguing that he adequately demonstrates (1) likelihood of success on the merits, (2) irreparable harm, and (3) that the balance of equities and public interest weigh in his favor.  (Mot. at 7-14.)

#### A. Likelihood of Success on the Merits

Petitioner asserts claims for violation of due process, including (1) violation of 8 U.S.C. § 1231(a)(6), (2) violation of the revocation of release regulation, 8 C.F.R. § 241.13(i)(2), (3) violation of the revocation notice regulation, 8 C.F.R. § 241.13(i)(3), and (4) violation of the revocation regulation, 8 C.F.R. § 241.4(l).  (Pet. ¶¶ 26-53.)

Petitioner argues that he is likely to succeed on the merits of his claims because Respondents cannot demonstrate that his removal—which was ordered in 2005 and has never been effectuated in the two decades since—is reasonably foreseeable.  (Mot. at 9-10.)  Petitioner further argues that Respondents present no evidence of changed circumstances to justify re-detention.  (*Id.* at 10-11.)  And finally, Petitioner argues that Respondents did not follow federal regulations when they revoked his release.  (*Id.* at 11-12.)  Respondents respond that Petitioner fails to establish that his current detention has been unreasonably long.  (Opp. at 4-5.)  Respondents further respond Petitioner fails to provide evidence that Respondents violated DHS regulations when they detained Petitioner or that the appropriate remedy would be release.  (*Id.* at 6-7.)

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-02361-FWS-JDE | Date: October 28, 2025 |
| Title: Jamal El Abed v. Kristi Noem *et al.* | |

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. *Zadyvadas v. Davis*, 533 U.S. 678, 693-94 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent. Indeed, this Court has held that the Due Process Clause protects an alien subject to a final order of deportation, though the nature of that protection may vary depending upon status and circumstance." (citation modified)). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation modified).

Title 8, United States Code, Section 1231 governs the detention and removal of noncitizens who have been ordered removed. This statute directs the Attorney General to remove the noncitizen "within a period of 90 days" and authorizes detention during this removal period. 8 U.S.C. § 1231(a). However, if "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699.

If released, an alien subject to a final order of removal must comply with certain conditions of release. 8 U.S.C. § 1231(a)(3), (6). The revocation of release is governed by 8 C.F.R. §§ 241.13(i)(3) and 241.4(l), which require that "upon revocation" the alien "be notified of the reasons for revocation of his or her release" and given "an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. §§ 241.13(i)(3) and 241.4(l); *see also Constantinovici v. Bondi*, 2025 WL 2898985, at *4-5 (S.D. Cal. Oct. 10, 2025). "Both 8 C.F.R. § 241.13 and 8 C.F.R. § 241.4 "were intended to 'provide due process protections to [noncitizens] following the removal period as they are considered for continued detention, release, and then possible revocation of release[.]'" *Constantinovici*, 2025 WL 2898985, at *5 (quoting *Santamaria Orellano v. Baker*, 2025 WL 2444087, at *6 (D. Md. Aug. 25, 2025)).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02361-FWS-JDE   Date: October 28, 2025
Title: Jamal El Abed v. Kristi Noem *et al.*

___

The court finds the record before the court is sufficient to show that Petitioner is likely to succeed on the merits of his claims for failure to comply with C.F.R. §§ 241.13(i)(3) and 241.4(l). *See Winter*, 555 U.S. at 20. "It is well-established that government agencies are required to follow their own regulations." *Constantinovici*, 2025 WL 2898985, at *6 (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)); *United States v. Ramos*, 623 F.3d 672, 683 (9th Cir. 2010) ("It is a well-known maxim that agencies must comply with their own regulations."). "Numerous district courts, including courts in the Ninth Circuit, 'have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered.'" *Constantinovici*, 2025 WL 2898985, at *6 (quoting *Rokhfirooz v. Larose*, 2025 WL 2646165, at *4 (S.D. Cal. Sept. 15, 2025)) (collecting cases). Here, Petitioner submits a declaration that he "was never provided reasons for [his] redetention or any opportunity to respond." (Abed Decl. ¶ 10.) Critically, Respondents do not dispute Petitioner's statement nor do they argue that they complied with the federal regulations. (*See generally* Opp.) Because Respondents fail to provide evidence disputing their failure to comply with federal regulations, the court finds that Petitioner demonstrates he is likely to succeed on the merits of his claims under these regulations. *See Winter*, 555 U.S. at 20.

The court finds Petitioner has also shown a likelihood of success on his claim for violation of Section 241.13. *See Winter*, 555 U.S. at 20. Section 241.13 provides "special review procedures" where, among other conditions, a noncitizen "has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). This regulation applies where ICE has made "a determination under this section that there is no significant likelihood of removal in the reasonably foreseeable future." 8 C.F.R. § 241.13(b)(1). Once that determination has been made, the noncitizen is released subject to certain conditions. *See* 8 C.F.R. § 241.13(h). ICE may revoke that release upon a violation of conditions of release or if "changed circumstances" have led to a determination "that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(1), (2); *see also Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023) ("ICE's decision to re-detain a noncitizen . . . who has been granted supervised release is governed by ICE's own regulation requiring (1) an individualized determination (2)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-02361-FWS-JDE | Date: October 28, 2025 |
| Title: Jamal El Abed v. Kristi Noem *et al.* | |

by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future."). Section 241.13(i) appears applicable here as Petitioner had a final order of removal, the removal period expired, ICE was unable to remove him, and he was released pursuant to an Order of Supervision. (Tolchin Decl. ¶ 5, Ex. C.) Again, Respondents have not presented any evidence or legal authority suggesting otherwise. Accordingly, the court finds Respondents were required to comply with 8 C.F.R. § 241.13(i)(1), (2) in revoking Petitioner's release.

Here, Petitioner provides a declaration stating that he reported regularly to ICE pursuant to his Order of Supervision from 2015 to 2025 and did not otherwise violate the conditions of his release. (Abed Decl. ¶ 7.) Respondents do not dispute Petitioner's statement. (*See generally* Opp.) Because there appears to be no dispute that Petitioner did not violate the conditions of release, Respondents have the burden to establish changed circumstances that make removal significantly likely in the reasonably foreseeable future and have not done so. *Sun v. Noem*, 2025 WL 2800037, at *2 (S.D. Cal. Sept. 30, 2025) ("ICE's own regulations . . . place the burden on ICE to show changed circumstances that make removal significantly likely in the reasonably foreseeable future."); *Roble v. Bondi*, 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025) (similar); *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 150 n.2 (D. Mass. 2025) (similar). Accordingly, the court finds that Petitioner demonstrates he is likely to succeed on the merits of his claim under Section 241.13. *See Winter*, 555 U.S. at 20.

### B. Irreparable Harm

Petitioner argues he will suffer irreparable harm from being separated from his family. (Mot. at 12-13.) Respondents respond Petitioner fails to carry his burden of submitting evidence to show he will suffer irreparable harm. (Opp. at 7-8.)

First, "[i]t is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation modified); *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (explaining that a party seeking preliminary injunctive relief for violation of a constitutional right can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-02361-FWS-JDE | Date: October 28, 2025 |
| Title: Jamal El Abed v. Kristi Noem *et al.* | |

of a colorable constitutional claim); *see Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("[I]njuries to constitutional rights are considered irreparable for even minimal periods of time.") (citation modified); *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("An alleged constitutional infringement will often alone constitute irreparable harm."); Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2948.1 (3d ed. 2019) ("When an alleged deprivation of a constitutional right is involved . . . most courts hold that no further showing of irreparable injury is necessary."); *Junior Sports Mags.*, 80 F.4th at 1120 (explaining that when a party shows a likelihood of success on the merits of a constitutional claim, "the remaining *Winter* factors favor enjoining the likely unconstitutional law"). "If a plaintiff bringing [a constitutional] claim shows he is likely to prevail on the merits, that showing will almost always demonstrate he is suffering irreparable harm as well." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023).

Second, the court finds that Petitioner's detention causes irreparable harm by subjecting him to immigration detention and separating him from his family, especially where his wife is dependent on him for support. (Tolchin Decl. ¶ 3 ("Evidence of Petitioner's detention at the Adelanto immigration detention center is attached as Exhibit A."), Ex. A; Abed Decl. ¶ 13 ("My wife is entirely dependent on me and it has been incredibly hard on her since I was detained. She cannot drive and she must be taken to doctor's appointments and shopping. She has anxiety and frequently panics. She can choke from anxiety.").) The court finds this is sufficient to show irreparable harm. *See Jorge M. F. v. Wilkinson*, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (finding irreparable harm based on both the irreparable harms "imposed on anyone subject to immigration detention" and the severe economic hardship and psychological harm that the detainee's family would face) (citation modified); *Garcia v. Bondi*, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (finding risk of immediate and irreparable harm where petitioner has a stepchild and spouse who are dependent on him for support).

Accordingly, the court concludes Petitioner demonstrates that he is likely to suffer irreparable harm. *See Winter*, 555 U.S. at 20.

C.  **Balance of Equities and Public Interest**

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-02361-FWS-JDE | Date: October 28, 2025 |
| Title: Jamal El Abed v. Kristi Noem *et al.* | |

Petitioner argues that the balance of equities and public interest weighs in his favor because he is asserting federal claims related to his unlawful detention. (Mot. at 13-14.) Respondents respond that the public interest in enforcing United States's immigration law is significant. (Opp. at 8.)

"A plaintiff's likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in his favor." *Baird*, 81 F.4th at 1042. And "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Cal. Chamber of Commerce v. Council for Educ. and Research on Toxics*, 29 F.4th 468, 482 (9th Cir. 2022) (citation modified). Indeed, "public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005); *Junior Sports Mags.*, 80 F.4th at 1120 (explaining that when a party shows a likelihood of success on the merits of a constitutional claim, "the remaining *Winter* factors favor enjoining the likely unconstitutional law").

Here, the court finds Petitioner has sufficiently demonstrated a likelihood of success on the merits, *see* Section III.A, *supra*, which tips the merged factors in his favor. *See Baird*, 81 F.4th at 1042. The court finds Petitioner has adequately demonstrated that the hardship balance "tips sharply" in his favor and the public interest weighs in his favor at this stage. *All. for the Wild Rockies*, 632 F.3d at 1132; *see California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("When the government is a party, the last two factors merge.").

In summary, the court concludes Petitioner has made a sufficient showing on all of the *Winter* factors to be entitled to a preliminary injunction.

**IV.    Disposition**

For the foregoing reasons, the court **GRANTS** the Motion and **ISSUES** a Preliminary Injunction. Respondents are **ORDERED** to release Petitioner from custody on or before **October 31, 2025, at 1:00 p.m. Pacific Standard Time**. Petitioner shall be released on the

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-02361-FWS-JDE | Date: October 28, 2025 |
| Title: Jamal El Abed v. Kristi Noem *et al.* | |

original the terms and conditions under his Order of Supervision, as if Petitioner had not been detained, pending the resolution of the Petition.